SUAREZ, J.
 

 Virginia Cabello appeals from a final order from the Agency for Health Care Administration (“AHCA” or “Agency”) reducing home health care hours. Based on our standard of review, we must affirm.
 

 Virginia Cabello is J.C.’s mother. J.C. is fifteen years old, autistic, and needs constant supervision, as well as assistance with her activities of daily living. J.C. receives Medicaid assistance, and attends school from 7:30 a.m. until 3:00 p.m., Monday through Friday. Cabello works full time, is the primary caregiver for her household, and cares for J.C. during her home hours and weekends; she must also care for her two other children, ages two and twelve. In November 2010, J.C.’s primary care physician requested Medicaid home health care assistance for J.C.’s personal needs, as well as skilled nursing visits to the home. The home health agency in turn requested a Certified Nurse Assistant to provide care for J.C Monday through Sunday for a total of 992 hours over the 180-day coverage period. The hours were initially approved by the first physician consultant for AHCA. On January 29, 2011, a second physician consultant issued a correction, concluding that the hours should be denied because J.C.’s diagnoses were not supported by Medicaid Home Health Services coverage as they were psychiatric in nature. AHCA then denied a total of 663 home health hours and approved only 329 hours for the coverage period (December 2, 2010, through January 30, 2011). Cabello appealed. At the administrative appeals hearing, AHCA’s witness testified that there was no evidence that the home health agency knew that J.C. was diagnosed with autism, and that all of J.C.’s issues are related to mental health and psychiatric services, which are not covered under Medicaid’s Home Health Services. Cabello’s witness testified that J.C.’s primary diagnosis is autism, and that all of the physician’s orders were for needs associated with autism. The Agency reconsidered and agreed to allow limited weekly home health services to assist J.C. with personal care for the remainder of the service period. The Hearing Officer denied Cabello’s appeal from the Agency’s denial of the additional 663 hours.
 

 Although we share Cabello’s concerns for the care and well-being of her child, based on our standard of review we must affirm the Hearing Officer’s ruling, as it was based on substantial and competent evidence in the record showing that the services provided were not authorized as medically necessary, such as to meet the requirements of Medicaid’s Home Health Services Program. Fla. Admin. Code R. 59G-1.010(166)(a).
 
 [1]
 
 AHCA has encour
 
 *125
 
 aged Cabello to seek out other Medicaid and community programs that are available to meet J.C.’s mental health needs.
 

 Affirmed.
 

 [1]
 

 . Fla. Admin. Code R. 59G-1.010(166)(a) and (c) provides: "Medically necessary” or "medical necessity” means that the medical or allied care, goods, or services furnished or ordered must:
 

 (a) Meet the following conditions:
 

 
 *125
 
 5.
 
 Be furnished in a manner not primarily intended for the convenience of the recipient, the recipient’s caretaker, or the provider.
 

 (c) The fact that a provider has prescribed, recommended, or approved medical or allied care, goods, or services does not, in itself, make such care, goods or services medically necessary or a medical necessity or a covered service.
 
 [Emphasis supplied].